UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RGV SMILES BY ROCKY L. SALINAS, | § | CASE NO. 20-70209 |
| D.D.S. P.A., *et al.*,[1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |
| | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| PLAINTIFF, | § | ADVERSARY NO. _____ |
| | § | |
| vs. | § | |
| | § | |
| RGV SMILES BY ROCKY L. SALINAS, | § | |
| D.D.S. P.A. and ROCKY LAMAR | § | |
| SALINAS, D.D.S., DEFENDANTS. | § | |

**STATE OF TEXAS' COMPLAINT TO DETERMINE EXCEPTION TO**
**DISCHARGE PURSUANT TO 11 U.S.C. §§ 523(A)(2), 523(a)(7) and 1141(d)(6)(A)**

The State of Texas (the "State" or "Plaintiff"), by and through the Texas Attorney General's Office, respectfully files this Complaint to Determine Exception to Discharge Pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(7) and 1141(d)(6)(A). In support of its Complaint, the State would show the Court as follows:

**I.  Jurisdiction and Venue**

1. This Court has jurisdiction pursuant 28 U.S.C. §§ 1334 and 157(a) and the *Order of Reference to Bankruptcy Judges* in the Southern District of Texas (General Order 2012-6) (*available at* https://www.txs.uscourts.gov/content/order-reference-bankruptcy-judges). *See also*

---

[1] The debtors and debtors-in-possession in these Chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: RGV Smiles by Rocky L. Salinas D.D.S. P.A. (3782); and Rocky Lamar Salinas D.D.S. (7263). The Debtors' mailing address is P.O. Box 5117, McAllen, Texas 78502.

- 1 -

28 U.S.C. § 157(b)(2)(I) (defining determinations as to the dischargeability of particular debts as core proceedings).

2. Venue of this proceeding is in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1409(a).

3. The State of Texas is a creditor in this case and has standing to file this complaint. *See* FED. R. BANKR. P. 4007(a).

## II. Parties

4. Plaintiff is the State of Texas, by and through the Texas Attorney General's Office.

5. Defendant Rocky Lamar Salinas ("Dr. Salinas") is one of the Debtors in the above-styled and numbered jointly-administered Chapter 11 cases. Dr. Salinas may be personally served at his mailing address of record in this bankruptcy case, P.O. Box 5117, McAllen, Texas 78502, and a copy to Dr. Salinas' home address, 5020 N. 1st Lane, #178, McAllen, Texas 78504 and a copy to his bankruptcy counsel of record, Joyce Lindauer, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street, Suite 500, Dallas, Texas 75202.

6. Defendant RGV Smiles by Rocky L. Salinas, D.D.S. P.A. ("RGV Smiles" and together with Dr. Salinas, "Defendants") is one of the Debtors in the above-styled and numbered jointly-administered Chapter 11 cases. RGV Smiles may be served at its mailing address of record in this bankruptcy case, P.O. Box 5117, McAllen, Texas 78502, and a copy to its bankruptcy counsel of record, Joyce Lindauer, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street, Suite 500, Dallas, Texas 75202.

## III. Factual Allegations

A. **Procedural Background.**

7. Defendants each filed a voluntary Chapter 11 petition on June 30, 2020 (Case No. 20-

70209, Dkt. 1; Case No. 20-70210, Dkt. 1).

8. Defendants' Chapter 11 cases are being jointly-administered under Case No. 20-70209.

9. The State's deadline to file a complaint for exception to discharge is October 28, 2020. (Dkt. 94).

**B.     Facts.**

10. Prior to the commencement of Defendants' Chapter 11 case, the State brought a law enforcement action under the Texas Medicaid Fraud Prevention Act ("TMFPA," TEX. HUM. RES. CODE §§ 36.001 *et seq.*) against six dental provider groups, styled *State of Texas v. Dr. Behzad Nazari, D.D.S. d/b/a Antoine Dental Center, et al.*, Cause No. D-1-GN-14-005380, in the District Court of Travis County, Texas, 53rd Judicial District (the "State Court Action"). A true and correct copy of Plaintiff's Fourth Amended Petition in the State Court Action is attached hereto as Exhibit "A." RGV Smiles and Dr. Salinas are defendants in the State Court Action.

11. Dr. Salinas is a licensed dentist in the State of Texas.

12. According to the records of the Texas Health and Human Services Commission ("HHSC"), Dr. Salinas is enrolled as a Medicaid provider (TPI No. 1112054). However, Dr. Salinas has not submitted any claims for reimbursement under the Medicaid program since 2012.

13. According to the records of HHSC, RGV Smiles is enrolled as a Medicaid provider (TPI Nos. 2168619-01, 1892531-01, and 2069031-01). However, RGV Smiles has not submitted any claims for reimbursement under the Medicaid program since 2012.

14. As set forth in Plaintiff's Fourth Amended Petition filed in the State Court Action, beginning on or about January 1, 2008 and continuing thereafter, Defendants unlawfully billed the Medicaid program in violation of the TMFPA, which establishes causes of action for unlawful acts

against the Medicaid program. *See* TEX. HUM. RES. CODE ANN. § 36.001 *et seq*. By way of example, but not by limitation, Defendants:

- knowingly submitted or caused to be submitted false statements, information or misrepresentations of material facts, or omitted material facts to Texas Medicaid to obtain Medicaid PA and payment for orthodontic services;

- knowingly submitted or caused to be submitted claims for payment to Texas Medicaid for products and services that were more costly than the products and services actually provided to Texas Medicaid recipients;

- knowingly submitted or caused to be submitted claims for payment to Texas Medicaid for products and services provided by unqualified, unlicensed, and/or unenrolled individuals;

- submitted or caused to be submitted claims for payment to Texas Medicaid and knowingly failed to indicate the provider who actually provided the service;

- knowingly submitted or caused to be submitted claims for payment to Texas Medicaid for products and services that were not provided to Texas Medicaid recipients; and

- knowingly failed to maintain documentation to support a claim for payment in accordance with the requirements specified by commission rule or medical assistance program policy.

15. Upon information and belief, the unlawful acts resulted in RGV Smiles and/or Dr. Salinas obtaining payments from the Medicaid program by false pretenses, false representations and/or actual fraud.

16. Upon information and belief, beginning on or about January 1, 2008 and continuing thereafter, RGV Smiles and Dr. Salinas committed additional violations of the TMFPA.

17. Upon information and belief, RGV Smiles' and Dr. Salinas' violations of the TMFPA resulted in significant harm to the Medicaid program, the amount of which has not yet been fully quantified. However, the State asserts that the civil remedies owed to the State by the Defendants

under the TMFPA, jointly and severally, are not less than $15 million.[2]

## IV. Applicable Statutes

18.     The TMFPA provides in relevant part that:

a person who commits an unlawful act is liable to the state for:

(1) the amount of any payment or the value of any monetary or in-kind benefit provided under the Medicaid program, directly or indirectly, as a result of the unlawful act, including any payment made to a third party;

(2) interest on the amount of the payment or the value of the benefit described by Subdivision (1) at the prejudgment interest rate in effect on the day the payment or benefit was received or paid, for the period from the date the benefit was received or paid to the date that the state recovers the amount of the payment or value of the benefit;

(3) a civil penalty of:

(A) not less than $5,500 or the minimum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $5,500, and not more than $15,000 or the maximum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $15,000, for each unlawful act committed by the person that results in injury to an elderly person, as defined by Section 48.002(a)(1), a disabled person, as defined by Section 48.002(a)(8)(A), or a person younger than 18 years of age; or

(B) not less than $5,500 or the minimum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $5,500, and not more than $11,000 or the maximum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $11,000, for each unlawful act committed by the person that does not result in injury to a person described by Paragraph (A)[3]; and

(4) two times the amount of the payment or the value of the benefit described by Subdivision (1).

TEX. HUM. RES. CODE ANN. § 36.052 (2013).

---

[2]     Concurrently with the filing of this Complaint, the State has filed Proofs of Claim in both Debtors' Chapter 11 cases, setting forth the Defendants' liability for the State's claims under the TMFPA. Because discovery is ongoing in the State Court Action, the State reserves the right to amend or supplement its Proofs of Claim as appropriate.

[3]     Between January 1, 2008 and September 1, 2011, the minimum civil penalty for each unlawful act under TEX. HUM. RES. CODE ANN. § 36.052(a)(3)(A) and (B) was $5,000 and the maximum penalty was $10,000. *See* https://capitol.texas.gov/tlodocs/82R/billtext/html/SB00544F.HTM.

19.     Section 523(a)(2)(A) of the Bankruptcy Code states in relevant part that:

A discharge under section. . . 1141 . . .of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by
(A) false pretenses, a false representation, or actual fraud.

11 U.S.C. § 523(a)(2)(A).

20.     Section 523(a)(7) of the Bankruptcy Code states in relevant part that:

A discharge under section. . . 1141 . . .of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.

11 U.S.C. § 523(a)(7).

21.     Section 1141(d)(6)(A) of the Bankruptcy Code states in relevant part that:

[T]he confirmation of a plan does not discharge a debtor that is a corporation from any debt—

(A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . ..

11 U.S.C. § 1141(d)(6)(A).

### V. Relief Sought

22.     The allegations stated above are incorporated by reference.

23.     The State seeks to have all of its claims against Dr. Salinas (which are the subject of the State Court Action) excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2) and (7).

24.     The State's claims against Dr. Salinas are for money obtained by false pretenses, false

representations and/or actual fraud and for civil penalties and attorneys' fees[4] associated therewith.

25. The State seeks to have all of its claims against RGV Smiles (which are the subject of the State Court Action) excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), as incorporated by 11 U.S.C. § 1141(d)(6)(A).

26. The State's claims against RGV Smiles are for money obtained by false pretenses, false representations and/or actual fraud and attorneys' fees associated therewith.

WHEREFORE, the State respectfully requests (1) that its claims against Defendant Rocky Lamar Salinas for violations of the TMFPA, attorneys fees and costs, and civil fines and penalties be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(7); and (2) that its claims against RGV Smiles by Rocky L. Salinas, D.D.S. P.A. for violations of the TMFPA be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), as incorporated by 11 U.S.C. § 1141(d)(6)(A).

*[Remainder of Page Intentionally Left Blank]*

---

[4] Attorneys' fees and costs awarded on account of the Defendant's fraud fall within the scope of the exception to discharge. *Cohen v. De La Cruz*, 523 U.S. 213, 223 (1998).

Respectfully submitted,

Office of the Attorney General

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ J. Casey Roy*
J. CASEY ROY
Texas State Bar No. 00791578
S. Dist. Bar No. 18110
JASON B. BINFORD
Texas State Bar No. 24045499
S. Dist. Bar No. 574720
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548 MC008
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
casey.roy@oag.texas.gov
jason.binford@oag.texas.gov

ATTORNEYS FOR THE STATE OF TEXAS